ROBERT E. LOHR and PATRICIA LOHR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lohr v. Commissioner
Docket No. 2059-72.
United States Tax Court
T.C. Memo 1975-175; 1975 Tax Ct. Memo LEXIS 199; 34 T.C.M. (CCH) 766; T.C.M. (RIA) 750175; June 2, 1975, Filed Thomas J. Carley, for the petitioners. William K. Carr, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent has determined a deficiency in the income tax of petitioners for the taxable year 1968 in the amount of $96.02. The sole question before this Court is whether petitioner, Robert E. Lohr, is entitled to deduct as an ordinary and necessary business expense under section 162 [1] all or part of the daily cost of traveling between his residence and the various job sites to which he was assigned. FINDINGS OF FACT Petitioners are Robert E. Lohr and Patricia Lohr, husband *200 and wife, whose legal residence at the time of the filing of the petition herein was Broadheadsville, Pennsylvania. Petitioners timely filed a joint Federal income tax return for the taxable year 1968 with the district director of internal revenue, Brooklyn, New York. During the taxable year 1968, Robert E. Lohr (hereinafter referred to as "petitioner") was a carpenter by trade. [2] He lived with his wife and family in Seaford, New York. In 1968, petitioner was employed by T.V.G. Corp. from whom he received total wages in the amount of $4,752.38. Petitioner drove his personal automobile to the job sites to which he was assigned by his employer. Petitioner owned a 1964 Chevrolet sedan for the first half of the year in question. Subsequently, he purchased a new 1968 Pontiac sedan which he used for the remainder of the year. Petitioner carried in the trunk of his car the tools of his trade and other miscellaneous equipment needed to perform his duties at the job sites. No special alterations to either of the above cars were made on account thereof. The tools and *201 equipment weighed approximately 60 pounds. Public transportation was not a practical method to travel between petitioner's residence and his various job sites. Due to the inadequacy of such transportation, it is reasonable to assume that petitioner would have proceeded to the job sites by private automobile, through car pooling or otherwise, even if he were not carrying his tools and equipment. On his income tax return for 1968, petitioner claimed a total employee business deduction in the amount of $774.07 attributable to the cost of traveling between his place of residence and the various job sites to which he was assigned. For the period of January through June, petitioner computed his deduction by the optional method as permitted by respondent, calculated at 10 cents per business mile. Based on 1,174 miles traveled, the deduction claimed was $117.40. For the remainder of the year, in which he traveled to work by his new 1968 Pontiac, petitioner itemized his automobile expenses as follows: Depreciation (1968 Pontiac)
$478.17
Insurance
121.00
Licenses
24.50
Gasoline
25.00
Oil and Lubrication
5.00
Auto Inspection
3.00
Total
$656.67
Petitioner received *202 no reimbursement on account of any of the above traveling expenses. Nor did he perform any services for his employer at his residence. OPINION The only question before this Court is whether during the taxable year 1968 the petitioner is entitled to deduct as an ordinary and necessary business expense under section 162(a) the cost of travel between his residence and the various job sites to which he was assigned. During the year in question, the petitioner was a carpenter by trade. He was assigned to various job sites by his employer. He traveled from his place of residence to his assigned job sites in his personal car in which he would carry the tools of his trade as well as other miscellaneous equipment. The tools and equipment weighed approximately 60 pounds. On his income tax return for 1968, petitioner deducted as an employee business expense the sum of $774.07 attributable to the cost of traveling between his place of residence and the job sites to which he was assigned. The record shows that public transportation did not present petitioner with a practical means of commuting to and from his work sites. However, in view of the weight of the equipment he carried to work, *203 it is unlikely that he could have used such alternative transportation even if it had been readily available. On the basis of the foregoing, it is the conclusion of the Court that the petitioner has failed to show that any portion of the expenses incurred by him in driving from his place of residence to the various job sites qualifies within the rules prescribed by Rev. Rul. 63-100, 1963-1 C.B. 34, and the decision of the Supreme Court in Fausner v. Commissioner,413 U.S. 838 (1973), rehearing denied 414 U.S. 882 (1973). In order for the petitioner to deduct the cost of his transportation expenses within the rules prescribed by Rev. Rul. 63-100, the petitioner must show that he would not have traveled to the job sites by private vehicle but for the necessity of having to transport his tools and equipment. Since viable public transportation was not available, the petitioner has failed to meet this test. [3] Nor will the record support a finding that the petitioner incurred any additional expense, which might otherwise be deductible, on account of the fact that in driving to the job sites the petitioner carried his tools and *204 equipment with him. Petitioner makes various constitutional arguments against the disallowance of the above expenses as a business deduction. We find petitioner's arguments to be either irrelevant, unpersuasive or inapplicable to the question at hand. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Patricia Lohr is a petitioner herein only by virtue of having filed a joint income tax return with her husband.↩
3. In Alfred Patti,T.C. Memo. 1975-107↩, the cost of commuting to and from work was disallowed even where viable public transportation was available.